FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2020 JUL -8 AM 5: 20

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-93-J-34JBT
     18 U.S.C. § 2422(b)
     18 U.S.C. § 1591

EDWARD ALAN HARDIN

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning at least by February 3, 2020, and continuing through on or about May 8, 2020, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD ALAN HARDIN,

using a facility and means of interstate commerce, that is, by cellular telephone and by computer via the internet, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, a girl referred to as Minor Victim 1, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, unlawful sexual activity with a minor, in violation of Florida Statutes Section 794.05(1), and custodial sexual battery, in violation of Florida Statutes Section 794.011(8)(b).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO

From on or about March 18, 2020, and continuing through on or about March 27, 2020, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD ALAN HARDIN,

using a facility and means of interstate commerce, that is, by cellular telephone and by computer via the internet, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, a girl referred to as Minor Victim 1, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, attempted production of child pornography, in violation of 18 U.S.C. § 2251(a).

All in violation of 18 U.S.C. §§ 2422(b) and 2427.

## COUNT THREE

Beginning at least by an unknown date in 2016, and continuing through on or about May 8, 2020, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD ALAN HARDIN,

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, obtain, maintain, patronize, and solicit a person, that

is, a girl referred to as Minor Victim 1, while knowing and in reckless disregard of the fact that Minor Victim 1 had not attained the age of 18 years, and having had the reasonable opportunity to observe Minor Victim 1, and knowing that Minor Victim 1 would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).

## COUNT FOUR

From a date unknown, but at least from on or about July 21, 2018, through and including in or about sometime in March 2020, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD ALAN HARDIN,

using a facility and means of interstate commerce, that is, by cellular telephone and by computer via the internet, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, a girl referred to as Minor Victim 2, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, unlawful sexual activity with a minor, in violation of Florida Statutes Section 794.05(1), and statutory rape, in violation of Georgia Code Section 16-6-3(a).

In violation of 18 U.S.C. § 2422(b).

## COUNT FIVE

From a date unknown, but at least from on or about July 21, 2018, through and including in or about an unknown date in March 2020, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD ALAN HARDIN,

using a facility and means of interstate commerce, that is, by cellular telephone and by computer via the internet, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, that is, a girl referred to as Minor Victim 2, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, production of child pornography, in violation of 18 U.S.C. § 2251(a).

All in violation of 18 U.S.C. §§ 2422(b) and 2427.

## COUNT SIX

On or about an unknown date in late 2017 or early 2018, in the Middle District of Florida, the defendant,

EDWARD ALAN HARDIN,

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, obtain, maintain, patronize, and solicit a person, that is, a girl referred to as Minor Victim 3, while knowing and in reckless disregard of the fact that Minor Victim 3 had not attained the age of 18 years,

and having had the reasonable opportunity to observe Minor Victim 3, and knowing that Minor Victim 3 would be caused to engage in a commercial sex act.

All in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2).

## FORFEITURE

1. The allegations contained in Count One through Six are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 1594 and 2428.

2. Upon conviction of a violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 1594:

    a. any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the violation(s);

    b. any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s);

3. Upon conviction of a violation of 18 U.S.C. § 2422(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a. any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the violation(s);

    b. any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s);

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

*[signature]*
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: *[signature]*
LAURA COFER TAYLOR
Assistant United States Attorney

By: *[signature]*
Kelly Karase
Assistant United States Attorney
Deputy Chief, Jacksonville Division

FORM OBD-34
7/8/20 Revised

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

EDWARD ALAN HARDIN

## INDICTMENT

Violations: 18 U.S.C. §§ 1591(a)(1) and (b)(2)
18 U.S.C. § 2422(b)

A true bill,

_____
Foreperson

Filed in open court this 8th day

of July, 2020.

_____
Clerk

Bail   $_____

GPO 863 525